UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA D. GRIMES,

              Plaintiff,                            No. 14-12532

v.                                      District Judge Mark A. Goldsmith
                                      Magistrate Judge R. Steven Whalen

CITIMORTGAGE,

              Defendant.

_____/

**ORDER DENYING MOTION TO AMEND**

On November 14, 2014, Plaintiff Cynthia D. Grimes filed what I construed as a motion to amend her complaint to add AT&T as a Defendant [Doc. #25]. In response to my order of December 10, 2014, Defendant CitiMorgtgage, Inc. ("CitiMortgage") filed a brief in opposition [Doc. #29]. For the reasons discussed below, Plaintiff's motion to amend [Doc. #25] is DENIED.

Fed.R.Civ.P. 15(a) states that after a responsive pleading is filed, a complaint may be amended only by leave of the court, and that "leave shall be freely given when justice so requires." Motions to amend are addressed to the Court's discretion, and in deciding whether to allow an amendment, "the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. American Electric Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Despite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny

-1-

the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

This is a mortgage foreclosure case. Plaintiff alleges in conclusory and factually vague terms that AT&T and CitiMortgage somehow conspired to tamper with or conceal telephone records that would show that she was in telephone communication with CitiMortgage during the foreclosure process. She has attached to her motion over 60 pages of randomly assembled telephone records, with no explanation as to how these records support her claim. CitiMortgage said it best in its response [Doc. #29, p.4]:

> "Plaintiff asks this Honorable Court to rely on her illogical speculations deduced from reviewing thousands of various phone calls. Clearly, such conjecture fails to provide any justification for leave to amend the Complaint."

. In *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987), the Court stated the well-settled rule "that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." There must be something more than Plaintiff's personal belief that she is the victim of conspiracy. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Plaintiff's proposed claim against AT&T is purely speculative, if not fanciful, and would not survive a motion to dismiss.

Accordingly, the motion to amend [Doc. #25] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 9, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 9, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager