UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA D. GRIMES,

Plaintiff,

Case No. 14-cv-12532
HON. MARK A. GOLDSMITH

vs.

CITIMORTGAGE, INC.,

Defendant.
_____________________________/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 35); (2) ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JULY 29, 2015 (Dkt. 34); (3) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 18); AND (4) DISMISSING THE CASE WITH PREJUDICE**

## I. INTRODUCTION

In this case, Plaintiff Cynthia D. Grimes, proceeding pro se, brings a claim arising out of the foreclosure of her home in Detroit, Michigan, by Defendant CitiMortgage, Inc. ("CMI"). Plaintiff's original complaint appeared to take issue with Defendant's loan-modification procedures (Dkt. 1), but Plaintiff's objection to the R&R clarifies that her lawsuit only concerns Defendant's alleged failure to comply with Michigan law concerning foreclosures. Pl. Obj. at 3 (cm/ecf page) (Dkt. 35).

The matter is before the Court on the Report and Recommendation ("R&R") issued by Magistrate Judge R. Steven Whalen (Dkt. 34). In the R&R, the Magistrate Judge recommends granting Defendant's motion to dismiss (Dkt. 18) and dismissing Plaintiff's complaint with prejudice. R&R at 1, 7. Plaintiff filed an objection to the R&R, to which Defendants responded (Dkt. 36). The Court reviews de novo any portion of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b)(3).

The factual background and legal standards governing this case have been sufficiently set forth by the Magistrate Judge in his R&R and need not be repeated here. For the reasons that follow, the Court accepts the recommendation contained in the R&R, overrules Plaintiff's objection, grants Defendants' motion to dismiss, and dismisses the case with prejudice.

## II. ANALYSIS

The R&R recommends dismissal for three reasons: (i) Plaintiff was never entitled to a loan modification in the first place; (ii) her claims regarding promises of a loan modification are barred by Michigan's statute of frauds; and (iii) Plaintiff never requested a meeting with Defendant, and her failure to do so relieved Defendant of additional duties that may have been imposed by Mich. Comp. Laws § 600.3205a(1) (repealed 2013).

Plaintiff appears to raise three principal arguments objecting to the R&R: (i) Defendant forged Exhibit 8 to its motion to dismiss; (ii) Defendant did not satisfy an alleged duty to assign a "contact person" within 45 days of her loan modification inquiry; and (iii) Defendant's assurances that she would qualify for loan modification caused Plaintiff to forego seeking help elsewhere.

Notably, Plaintiff's objection sets forth arguments unrelated to any allegations made in her complaint; nor are they responsive to the R&R itself. Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013). But even if Plaintiff's objection was traceable to her complaint or was responsive to the R&R, the Court would nevertheless overrule it for the reasons that follow. Accordingly, the Court grants Defendant's motion to dismiss.

### A. Defendant's Exhibit 8 to its Motion to Dismiss

Exhibit 8 to Defendant's motion to dismiss is Defendant CMI's letter to Plaintiff, dated

January 3, 2012 (Dkt. 18-9). The letter denies Plaintiff's request for a loan modification due to Plaintiff's failure to provide Defendant with requested information. Id. at 1. Plaintiff alleges that she never received a denial letter and that Defendant's exhibit is a forgery. Pl. Obj. at 1-3 (cm/ecf pages). Apparently, this allegation is meant to support Plaintiff's claim that Defendant promised to provide her with a loan modification and that, contrary to Defendant's January 3, 2012, letter, she never reneged on her part of the agreement with Defendant.

As evidence of Exhibit 8 being a forgery, Plaintiff provides a fax confirmation showing that, as of January 19, 2012, she was still sending her financial information to Defendant. Pl. Resp. to Def. Mot. to Dismiss at 36-38 (cm/ecf pages) (Dkt. 20). Specifically, Plaintiff asserts that her fax to Defendant proves that Defendant was still requesting information from her and that Defendant could not have denied her request for a loan modification prior to that.

However, Plaintiff does not explain how Defendant's alleged failure to send her a denial letter creates a legally cognizable claim. If Plaintiff's theory is that the letter relates to an alleged promise to modify the loan, her theory is misguided. Under Michigan's statute of frauds, agreements for loan modifications are not enforceable unless memorialized in a writing and signed with an authorized signature of the financial institution. Mich. Comp. Laws § 566.132(2)(b); McCann v. U.S. Bank, N.A., 873 F. Supp. 2d 823, 833 (E.D. Mich. 2012). Plaintiff's allegation that Defendant promised her a loan modification does not comply with the statute of frauds because she neither provides, nor alleges the existence of, a signed writing showing the alleged promise. Accordingly, Plaintiff's assertion that Exhibit 8 is a forgery is entirely irrelevant and the objection is without merit.

**B. Defendant's Alleged Duty to Assign a Contact Person**

Plaintiff asserts that Defendant had a duty to provide her with a "contact person" within

45 days of her contacting Defendant regarding the loan modification. Pl. Obj. at 3-4, 6 (cm/ecf pages). Although Plaintiff did not provide citations to any authority on this point, it appears to the Court that she may be referring to 12 C.F.R. § 1024.39(b) and/or § 1024.40, which had an effective date of January 10, 2014. With regard to this objection, however, the pertinent events — Plaintiff's default and the resultant foreclosure — occurred in 2011and 2012. Because the federal regulations did not exist at the time of Defendant's alleged wrongdoing, Defendant could not have violated them. See Landgraf v. USI Film Prods., 511 U.S. 244, 264-266 (1994) (holding that statutes and administrative rules generally do not govern conduct that occurred before their enactment). Accordingly, Plaintiff has not shown that any 45-day "contact person" requirement was in effect at the time of her default. Even assuming it had been timely made, this argument is without merit.

Relatedly, in her objection, Plaintiff asserts that Defendant wrongfully failed to arrange a meeting with her to discuss a loan modification. Pl. Obj. at 4 (cm/ecf page). This represents a misapprehension of the law. Although it is now repealed, Mich. Comp. Laws § 600.3205a was in effect at the time of Plaintiff's default, and it controls her claims as a result. Landgraf, 511 U.S. at 265-266. Pursuant to that law, the onus was on Plaintiff to arrange a meeting with Defendant to discuss a loan modification — not the other way around. See Mich. Comp. Laws § 600.3205a(1)(d) (repealed 2013) ("[T]he borrower may request a meeting . . . ." (emphasis added)). Defendant's failure to initiate a meeting is, therefore, immaterial.

**C. Plaintiff's Reliance on Defendant's Alleged Promises**

Plaintiff contends that if Defendant had not promised her a loan modification, she would have contacted the United States Department of Housing and Urban Development for assistance with her default. Pl. Obj. at 6, 8 (cm/ecf pages). Notwithstanding whether Plaintiff could

otherwise prevail under this theory, it requires that Plaintiff first prove that Defendant promised to modify her loan. This she cannot do. As noted above, any such claim by Plaintiff is barred by the statute of frauds. Accordingly, this Court rejects Plaintiff's claim that Defendant's alleged representations deterred her from seeking other sources of assistance.

## III. CONCLUSION

For the reasons set forth above, the Court accepts the recommendation contained in the R&R, overrules Plaintiff's objection, grants Defendant's motion to dismiss, and dismisses the case with prejudice.

SO ORDERED.

Dated: September 22, 2015
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2015.

s/Carrie Haddon
Case Manager